**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DIANE M. TRAHANAS, | ) | |
| | ) | **Case No. 1:15-cv-11192** |
| Plaintiff, | ) | |
| | ) | **Hon. John J. Tharp, Jr.** |
| v. | ) | **Judge Presiding** |
| | ) | |
| NORTHWESTERN UNIVERSITY; and | ) | **Hon. Michael T. Mason** |
| STEVEN J. SCHWULST, M.D., | ) | **Magistrate Judge** |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |
| | ) | |

## REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

**I.   INTRODUCTION: PLAINTIFF HAS MADE NO LEGAL ARGUMENTS SUPPORTING THE SUFFICIENCY OF HER CLAIMS.**

Throughout Plaintiff's confusing Response to Defendants' Motion to Dismiss the First Amended Complaint (Doc. 31) ("Opposition" or "Opp.")), she acknowledges the pleading standards set by *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), and seems to understand that to overcome a motion to dismiss, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." (Opp., at p. 10 (*citing Twombly*, 550 U.S. at 545).) Yet, she has made no legal arguments supporting the sufficiency of the allegations in the First Amended Complaint. Instead, she has asserted that she will not have enough information to make her allegations more specific until after discovery, essentially conceding that further amendments will not rectify her deficiencies. (*See* Opp. at pp. 6, 8, 11, 15.) Moreover, she has asserted no argument at all with respect to her intentional infliction of emotional distress claim, nor to her intentional interference with prospective economic advantage claim based on her right to continued employment at

Northwestern, both of which should thus be considered abandoned. Her First Amended Complaint should be dismissed.

## II. STANDARD: PLAINTIFF WAIVED HER ABILITY TO SAVE HER FIRST AMENDED COMPLAINT BY FAILING TO RESPOND ADEQUATELY TO DEFENDANTS' ARGUMENTS.

A plaintiff abandons claims by failing to respond to arguments asserted in a motion to dismiss. *Garza v. Cervantes*, 2015 WL 468748, *2 (N.D. Ill. Feb. 3, 2015). In *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011), the Seventh Circuit affirmed the denial of a plaintiff's motion to amend because he failed to address defendant's arguments in favor of dismissal, noting that "[w]e apply that [waiver] rule where a…litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss." *Id.* (*citing Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005)). As discussed in greater detail below, Plaintiff's First Amended Complaint should be dismissed, particularly as she failed to assert adequate (or any, in some cases) legal arguments against dismissal.

## III. ARGUMENT

### A. Plaintiff's Intentional Infliction of Emotional Distress Tort Claim Must Be Dismissed Because She Has Not Denied It Is Preempted (Count VI).

Plaintiff failed to respond at all to the arguments about the deficiencies of her intentional infliction of emotional distress claim, which therefore must be dismissed. *See Garza*, 2015 WL 468748, *2; *Alioto*, 651 F.3d at 721; *Lekas*, 405 F.3d at 614. (*See also* Motion, at p. 15.)

### B. The Affirmative Action Cases to which Plaintiff Cited Did Not Support Her Claim for Intentional Interference with Prospective Economic Advantage (Count IV).

In her First Amended Complaint, Plaintiff purported to assert a claim for intentional interference with prospective economic advantage on two grounds: (i) her right to continued employment with Northwestern, and (ii) her acceptance into medical school. (FAC, at ¶¶ 125-127.) Plaintiff failed to respond in any fashion to Defendants' arguments with respect to her

LEGAL\27040275\1

claim that Defendants interfered with her right to continued employment *at Northwestern*, and any attempt to assert this claim on that ground should therefore be deemed abandoned. *See Garza*, 2015 WL 468748, *2; *Alioto*, 651 F.3d at 721; *Lekas*, 405 F.3d at 614. (*See also* Motion, at p. 12.)

With respect to the second ground, not only did Plaintiff fail to cite any authority that supports the notion that one's candidacy as a student in a professional school is a prospective economic advantage, her reliance on affirmative action cases brought against public universities is wildly misplaced. Indeed, *Bakke* and *Grutter* both involved whether the state action – of public universities – of taking race into account in making admissions decisions was permissible under the Fourteenth Amendment and Equal Protection Clause of the U.S. Constitution. Plaintiff does not, and cannot, advance such claims here; in fact, she is not suing any educational institution, including Northwestern, for denying her admission to medical school on the basis of some protected category. Rather, she alleges that her candidacy for admission to a third-party medical school is a "prospective economic advantage" with which the University tortuously interfered by submitting letters that were "not good." But she cites no cases that support of the argument that her acceptance into medical school was an economic expectancy with a third-party to which she had a reasonable expectation, and with which Defendants interfered. *See Ali v. Shaw*, 481 F.3d 942, 945-46 (7th Cir. 2007). (*See also* Motion, at pp. 12-13.) Having failed to provide legal support for either ground, this claim must be dismissed.

**C.     Plaintiff's Defamation Claim Must Be Dismissed Because She Has Failed to Dispute that Defendants' Alleged Words Were True Statements of Opinion (Count V).**

Plaintiff's primary argument supporting her defamation claim is that a number of unidentified medical school admissions offices told her that Dr. Schwulst's letters were "not good." (Opp. at pp. 14-15.) Yet, it is fatal to Plaintiff's defamation claim that she is unable to

3

allege that Dr. Schwulst's letters were *false*, as opposed to ***true statements of opinion***. *See McDermott v. Continal/Midland, Inc.*, 2003 WL 223440, at \*3 (N.D. Ill. Jan. 31, 2003); *Toyos v. Northwestern Univ.*, No. 01 C 5407, 2002 WL 252731 (N.D. Ill. Feb. 21, 2002); *Isaacson v. Keck, Mahin & Cate*, 1993 WL 68079, at \*6 (N.D. Ill. Mar. 10, 1993). Plaintiff has also ignored the argument that because this claim arises out of alleged comments related to her performance as an employee, such comments are protected unless she can allege actual malice. *See Radimecky v. Mercy Health Care and Rehabilitation Center*, 2000 WL 144510, \*7 (N.D. Ill. Oct. 26, 2000). (*See also* Motion, at p. 14.) Having failed to allege falsity or malice, and having failed further to address any of the attacks to her purported assertion of a *prima facie* case of defamation, this claim must be dismissed.

> **D.** **Plaintiff's ADA, Title VII, and FMLA Claims Fail and Must Be Dismissed.**
>
> > **1.** **Plaintiff Has Not Argued that Sexual Orientation Is a Protected Status Recognized by Title VII (Counts I and II).**

As Defendants argued in their Memorandum of Law in support of their Motion to Dismiss the First Amended Complaint (Doc. 24) ("Motion"), Title VII does not recognize a cause of action based on sexual orientation. (Motion, at pp. 5-6.) In her Opposition, Plaintiff makes no argument whatsoever in dispute of that position. Accordingly, she has waived that argument and Plaintiff's Title VII claims must be dismissed. *See Garza*, 2015 WL 468748, \*2; *Alioto*, 651 F.3d at 721; *Lekas*, 405 F.3d at 614.

> > **2.** **That Plaintiff Had Certain Medical Conditions Does Not Necessarily Mean That She Was Disabled under the ADA (Counts I-III).**

As a threshold matter, before Plaintiff can assert a claim for relief under the ADA, she must allege that she is disabled within the meaning of the Act. *See* 42 U.S.C. § 12102(1); *Gorbitz v. Corvilla, Inc.*, 196 F.3d 879, 882 (7th Cir. 1999). A person with a disability is one who has a "physical or mental impairment that substantially limits one or more major life activities." *See* 42

LEGAL\27040275\1

U.S.C. § 12102(1); *Koty v. Zaruba*, No. 15-C-2600, 2015 WL 4554881, *2 (N.D. Ill. July 28, 2015). Even where a plaintiff has alleged an impairment (*e.g.*, anxiety), "simply alleging a diagnosed mental condition does not satisfy a plaintiff's pleading standard for an ADA claim." *Pack v. Illinois Department of Healthcare and Family Services*, 2014 WL 3704917, *2 (N.D. Ill. July 25, 2014) (dismissing ADA claim). That is, "having a medically identifiable impairment is not enough to establish [plaintiff] has a disability under the ADA—the focus is on whether the impairments substantially limit a major life activity, not whether an impairment has a name." *Freelain v. Village of Oak Park*, 2014 WL 148739, *7 (N.D. Ill. Jan. 15, 2014) (dismissing ADA discrimination claim). In her Opposition, Plaintiff has reasserted the conditions with which she has allegedly been diagnosed and the conclusion that she had a "record of impairment," but has not contended that any of these conditions limited her ability to perform a major life activity, as required by the ADA. As such, her ADA claims must be dismissed.

### 3. Plaintiff Has Not Alleged Severe or Pervasive Harassment Necessary to Support Her Hostile Work Environment Claims (Counts I and II).

Plaintiff's Title VII and ADA claims fail for other reasons as well. To state a claim for hostile work environment under Title VII or the ADA, Plaintiff must show that she (1) was in a subjectively and objectively offensive work environment; (2) was harassed because of her gender or disability; (3) complained of severe or pervasive conduct; and (4) can show a basis for employer liability. *See Harris v. Chicago Transit Auth.*, No. 14-C-9106, 2015 WL 5307721, *6 (N.D. Ill. Sept. 10, 2015); *Blickle v. Illinois Dept. of Children and Family Servs.*, No. 12-C-9795, 2013 WL 2467651 (N.D. Ill. June 7, 2013). Of these two elements, Plaintiff has attempted to address the first and second in her Opposition, but has not done so in a way that sufficiently remedies the First Amended Complaint's deficiencies.

LEGAL\27040275\1

With respect to the "subjectively *and objectively* offensive hostile work environment" element, Plaintiff has attempted to assert that additional facts will come forward during discovery that will demonstrate she felt humiliated on a daily basis. (Opp. at pp. 6-7.) Even if this were true, however, Plaintiff has not pointed to any facts suggesting that the way Dr. Schwulst treated her was *objectively* offensive, nor that any of the comments he made were severe enough to rise to the level of a hostile work environment. *See Harris*, 2015 WL 5307721, *6; *Blickle*, 2013 WL 2467651. *See also Ramos v. Sampco of Indiana, Inc.*, No. 3:06-CV-326 RM, 2007 WL 2819620, *5 (N.D. Ind. Sept. 25, 2007) ("Ms. Ramos claims these comments were made on a regular basis, but their frequency alone does not make up for their lack of severity.").

Conversely, Defendants cited to numerous cases supporting the argument that the purportedly offensive comments about which Plaintiff has complained are simply comments related to Plaintiff's work performance (*e.g.*, her being lazy or spoiled ("princess" or "millennial"), or ineffective ("screwing up" or "on the struggle bus")), and not comments based on her sex or alleged disability. (*See* Motion at p. 7.) Plaintiff has made no effort whatsoever to distinguish those cases, and instead just states, in conclusory fashion, that the cases to which Defendants cited "are not at all comparable to the situation about which Ms. Trahanas complaints (*sic*)." (Opp. at p. 7.) But in fact, the cases to which Defendants cited are all cases in which the Court held that the comments such as "bitchy," "dumb," "stupid," "looked like a 'dyke,'" were not sufficiently severe or pervasive, or that they were unrelated to plaintiff's gender altogether. *See Scruggs v. Garst Seed Co.*, 587 F.3d 832, 840-41 (7th Cir. 2009); *Vollmert v. Wisconsin Dept. of Transp.*, 197 F.3d 2983, 297 (7th Cir. 1999); *Minor v. Ivy Tech State Coll.*, 174 F.3d 855, 858 (7th Cir. 1999); *Gleason v. Mesirow Fin., Inc.*, 118 F.3d 1134, 1144-45 (7th Cir. 1997); *Goodum v. White*, No. 03-c-3257, 2006 WL 566469, *23 (N.D. Ill. Mar. 3, 2006). In failing

6

to address these cases, Plaintiff has waived her ability to dispute Defendants arguments, and her claims for hostile work environment should be dismissed.

### 4. Plaintiff Misunderstands, and Has Still Failed to Allege, the Adverse Employment Action Necessary to Support Discrimination Claims (Counts I and II).

In her Opposition, Plaintiff attempts to clarify that in fact she intends to assert claims for discrimination under the ADA and Title VII, but even so she seems to acknowledge the insufficiency of such claims, as this is the only claim for which she has requested the Court's permission to amend her First Amended Complaint. (*See* Opp. at p. 11.)

Indeed, Plaintiff has still failed to show how she has alleged enough facts to support two key elements of a *prima facie* case of discrimination. First, she has not alleged that she was treated less favorably than any similarly-situated employees outside of her allegedly protected classes. *See Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993). (*See also* Motion at 6, n.2.) Additionally, she still fails to appreciate the meaning of "adverse employment action," which includes such actions as "termination of employment, a demotion evidenced by a decrease in a wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Crady*, 993 F.2d at 136. Fully ignoring that definition, Plaintiff contends that "the mockery and ridicule, the disclosure of [her] confidential medical information, and the sabotage of [her] work are all 'materially adverse, retaliatory employment actions.'" (Opp. at pp. 9-10.) Even if those things happened—which, Defendants submit, they did not—none of those

7

occurrences would constitute adverse employment actions as the Seventh Circuit interprets that term.[1] As such, her claims for ADA and Title VII discrimination fail.

### 5. Plaintiff Cannot State a Claim for Retaliation because She Has Failed to Address Critical Timing Issues (Count II).

Plaintiff's inability to address the timing issues with respect to her retaliation claims is fatal. With respect to the first element of her Title VII and FMLA retaliation claims—engaging in statutorily protected activity—Plaintiff has still not explained how Defendants could have managed to retaliate against her *four months after* her employment terminated. (*See* Opp. at p. 5.) And to the extent Plaintiff intends to point to the alleged mockery as retaliation in violation of the FMLA, those alleged acts, too, occurred *before* she took leave, and therefore could not form the basis for a retaliation claim. (*See* Opp. at p. 9.) Relatedly, Plaintiff has also failed to cure the deficiencies with her allegations purportedly supporting the second element of her retaliation Title VII, FMLA, and ADA retaliation claims—suffering an adverse employment action— because the only actions to which she points are being denied remote access to her work computer, and Dr. Schwulst uploading letters to her AMCAS profile. Being denied access to work related resources while on an extended leave of absence is not the sort of action that would dissuade a reasonable worker from complaining of discrimination. *See Kimble v. Donahoe*, 511 Fed.Appx. 573, *2 (7th Cir. Feb. 26, 2013); *Kaplan v. New Trier High School*, No. 11-C-981, 2011 WL 2148936, *4 (N.D. Ill. May 31, 2011). Just as importantly, Dr. Schwulst's letters regarding Plaintiff's candidacy for admission to medical school are not "employment" actions and Plaintiff does not cite any authority to support such a novel theory. Accordingly, Plaintiff's retaliation claims still fail and must be dismissed.

---

[1]     As set forth in the Motion and in Section III.D.3, *supra*, these allegations likewise do not support a hostile work environment claim.

8

**E.     Plaintiff Waived Her Ability to Sustain Her FMLA Interference and ADA Failure to Accommodate Claims by Failing to Address Defendants' Arguments (Count III).**

Plaintiff appears to have misunderstood the distinction between FMLA retaliation and FMLA interference, as she has argued, in support of her FMLA interference claim, that Defendants' conduct constituted "materially adverse, retaliatory employment actions." (Opp. at 10.) But this is not an element of FMLA interference, which requires Plaintiff to establish (1) she was eligible for FMLA protection, (2) her employer was covered by the FMLA, (3) she was entitled to take FMLA leave, (4) she provided sufficient notice of her intent to take leave, and (5) *her employer denied her FMLA benefits*. *See Douglas v. Lofton*, No. 12-C-8592, 2013 WL 2156053, *2 (N.D. Ill. May 17, 2013) (dismissing FMLA interference claim because plaintiff failed to establish requests for leave were denied). Plaintiff has still not addressed the fact that having taken FMLA leave is fatal to her interference claim, which must be dismissed. Plaintiff has also neglected to address in any fashion the fact that she failed to exhaust her administrative remedies with respect to her ADA failure to accommodate claim, let alone the argument that she has plead herself out of such a claim by acknowledging that she was granted leave when she requested such accommodation. (Motion, at p. 11.) Having waived these arguments, too, Plaintiff's ADA failure to accommodate claim must be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Honorable Court dismiss the First Amended Complaint in its entirety, and for such other relief as justice requires.

DATED this 14th day of June, 2016.

Respectfully submitted,

COZEN O'CONNOR

By *s/   Alexandra G. Wright*

9

*Attorney for Northwestern University and*
*Steven J. Schwulst, M.D.*

Anna Wermuth, State Bar No. 6270970
Alexandra G. Wright, State Bar No. 6309111
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone:     312-474-7900
Fax:            312-474-7879
E-mail:         awermuth@cozen.com
E-mail:         agwright@cozen.com

*Attorneys for Defendant Northwestern University and*
*Steven J. Schwulst, M.D.*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney hereby certifies that on June 14, 2016, she electronically filed the foregoing **Reply in support of Motion to Dismiss First Amended Complaint** with the Clerk of the Court using the ECF system, which will send notification of such filing to the following counsel of record:

John P. DeRose
JOHN P. DEROSE & ASSOCIATES
15 Spinning Wheel Road, Suite 428
Hinsdale, IL 60521
*Attorney for Plaintiff*

*s/ Alexandra G. Wright*
Alexandra G. Wright

10